

IT IS ORDERED

Date Entered on Docket: September 5, 2017

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| In Re: | Case No. 17-11809-j7 |
| Matthew G. Herriman and<br>Gretchen Herriman, | Chapter 7 |
| Debtors. | |

### DEFAULT ORDER GRANTING MOTION FOR RELIEF
### FROM STAY AND TO ABANDON PROPERTY LOCATED AT
### 2903 MARCELLA CIR, GALLUP, NM 87301

This matter came before the Court on the Motion for Relief from Automatic Stay and to

Abandon Property filed on July 31, 2017, Docket No. 11 (the "Motion") by Quicken Loans, Inc.

("Movant"). The Court, having reviewed the record and the Motion, and being otherwise

sufficiently informed, FINDS:

On July 31, 2017, Movant served the Motion and a notice of the Motion (the "Notice") on

the case trustee, Edward Alexander Mazel ("Trustee"), on the U.S. Trustee and on Debtor's

counsel, Matthew Robert Gandert, by use of the Court's case management and electronic filing

system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR

1

9036-1, and on Debtor by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

The Motion relates to the property known as 2903 Marcella Cir, Gallup, New Mexico 87301 ("Property") with a legal description:

```
Lot Two-A (2-A) in
Block Two (2) of
ROCKY VIEW SUBDIVISION UNIT TWO (2),
as the same is shown and designated on the replat of a portion of Block Two (2) of said Subdivision filed in the
office of the County Clerk of McKinley County, New Mexico on June 17, 1993.
```

The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which 3 days was added under Bankruptcy Rule 9006(f);

The Notice was sufficient in form and content;

The objection deadline expired on August 24, 2017;

As of August 29, 2017 neither Debtor, the Trustee, nor any other party in interest, filed an objection to the Motion;

The Motion is well taken and should be granted as provided herein.

By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on July 31, 2017, Dyane Martinez of Weinstein & Riley, P.S. searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that DMDC does not possess any information indicating that Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against Debtor or the Property, or both, in any court of competent jurisdiction; and

To exercise any other right or remedy available to them under law or equity with respect to the Property.

Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name Trustee as a defendant in any state court action it may pursue to foreclose liens against the Property and need not notify Trustee of any sale of the Property.

The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of Debtor, although Debtor can be named as a defendant in litigation to obtain an *in rem* judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

This Order does not waive Movant's claim against the estate for any deficiency owed by Debtor after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim for this bankruptcy case within 30 days after a foreclosure sale of the Property should it claim that Debtor owes any amount after the sale of the Property.

This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with Debtor and to enter into a loan modification with Debtor.

# # END OF ORDER #

Submitted by:

WEINSTEIN & RILEY, P.S.

By:/s/ *Jason C. Bousliman*
Jason C. Bousliman, SBN 14830
5801 Osuna Rd. NE, Suite A-103
Albuquerque, NM 87109
Telephone: 505-348-3204
Facsimile: 505-214-5116
E-mail: JasonB@w-legal.com
Attorney for Movant

Copies to:

**Debtor:**
**Matthew G. Herriman & Gretchen Herriman**
P O Box 212
Thoreau, NM 87323

**Matthew Robert Gandert**
Affordable Law PC
1128 Pennsylvania St. NE
Suite 210
Albuquerque, NM 87110

**Trustee:**
**Edward Alexander Mazel**
Askew & Mazel, LLC
1122 Central Ave. S.W.
Suite 1
Albuquerque, NM 87102

**US Trustee**
PO Box 608
Albuquerque, NM 87103-0608

4